NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOSEPH MAES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF PRISON TERMS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 05-2846 JF (PR) <br><br> ORDER OF DISMISSAL; <br> DENYING MOTION TO <br> PROCEED IN FORMA <br> PAUPERIS AS MOOT <br><br><br><br> (Docket No. 2) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his parole revocation hearing. Plaintiff has named numerous Defendants, including the Board of Prison Terms, his parole agent, his attorney during the parole hearing, and others. Plaintiff alleges that he was coerced to admit his parole violation and agree to a ten-month sentence. Plaintiff contends that the hearing officer was biased against him because his parole revocation was based upon a Driving Under the Influence offense. Plaintiff also alleges: (1) ineffective assistance of counsel, (2) that he is being illegally incarcerated beyond his projected release date; and (3) that his parole agent made false claims in the parole violation report. Plaintiff requests that the Court discharge him from custody, remove his "second striker" status and remove the

illegal year added to his sentence. Plaintiff also seeks monetary damages. The Court concludes that Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Accordingly, the complaint will be DISMISSED without prejudice. Plaintiff's pending motion to proceed in forma pauperis (docket no. 2) is DENIED as moot.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claims

Plaintiff contends that he was coerced to admit to a parole violation and that his counsel was ineffective. He maintains that the Parole Board was biased against him and that his parole agent falsified parole reports. Plaintiff requests that the Court discharge his sentence, remove his "second striker" status and remove the illegal year added to his sentence. Plaintiff also seeks monetary damages. However, the Court concludes that Plaintiff's claims challenge the validity of his sentence and are therefore barred under Heck v. Humphrey, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See id. A judgment in favor of the plaintiff here would imply the invalidity of his parole revocation and sentence which has not already been invalidated. The instant allegations therefore fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice. See Edwards v Balisok, 520 U.S. 641, 649 (1997); Trimble v City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).[1] Accordingly, the instant complaint is dismissed without prejudice to Plaintiff refiling a new complaint in a new action if his disciplinary hearing is later invalidated.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[1] Where Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus pursunt to 28 U.S.C. § 2254 after exhausting state judicial remedies. See Calderon v Ashmus, 523 U.S. 740, 747 (1998). Any such claim therefore is dismissed without prejudice. See Trimble v City of Santa Rosa, 49 F. 3d 583, 586 (9th Cir. 1995).

**CONCLUSION**

Plaintiff's complaint is DISMISSED without prejudice for failure to state a cognizable claim under § 1983. In light of the dismissal, Plaintiff's pending motion for leave to proceed in forma pauperis (docket no. 2) is DENIED as moot. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 3/22/06

JEREMY FOGEL
United States District Judge

1
2
3   This is to certify that a copy of this ruling was mailed to the following:
4   Christopher Joseph Maes
    J-74057
5   San Quentin State Prison
    San Quentin, CA  94974
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28